FILED

David Martin Jr.
Plaintiff In *Propria Persona*
1021 S Albany street. #18
Los Angeles, California 90015

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

David Martin Jr,

Plaintiff,

v.

Wells Fargo Bank, N.A., Equifax, Experian,

Defendants.

Case No. CV17-03425 RGK(SSx)

**VERIFIED COMPLAINT FOR:**

1. **VIOLATIONS OF THE FCRA AND FDCPA;**
2. **CIVIL PENALTIES;**
3. **RESTITUTION;**
4. **AND OTHER EQUITABLE RELIEF.**

COMES NOW, David Martin Jr., Plaintiff, a man over the age of majority, in His right mind, without waiving any rights or remedies at law or in equity, and

without waiving and defects or deficiencies, and here and after referred to as "Plaintiff," and for His Verified Complaint against the Defendant, Wells Fargo Bank N.A., ("Wells"), Equifax and Experian declares as follows:

## PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out of Wells false reporting to Experian and Equifax of an alleged delinquent debt of the Plaintiff, and Experian's and Equifax's failure to correct Wells false reporting on Plaintiff's Experian and Equifax credit report and out of the invasion of Plaintiff's personal and financial privacy by the Defendant.

2. This is an action for negligence, defamation, and violations of the Fair Debt Collection Practices Act ("FDCPA"), §809 [15 U.S.C. §1692g], arising out of Wells not properly validating a debt of $7,903.00 to the Plaintiff they claim the Plaintiff owes them, not showing the requested proof of claim that the Plaintiff asked for to validate the claim and ensure the information's accuracy. Wells has not ceased all attempts to collect the debt without having a sufficient response to Plaintiff's request for debt validation.

## PARTIES

3. Plaintiff is currently and was at all relevant times a citizen of the County of Los Angeles, California.

4. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

5. Defendant Wells, is a corporation doing business in the state of California with its principal place of business in California and its Main Office in South Dakota.

6. Wells is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

7. Wells is a "debt collector" as that term is defined by the FDCPA, section §803(6).

8. Defendant, Experian, is a corporation organized under the laws of the United States of America and is headquartered in Costa Mesa, California.

9. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

10. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

11. Defendant, Equifax, is a corporation organized under the laws of the United States of America and is headquartered in Atlanta, Georgia.

12. Defendant, Equifax, is a corporation organized under the laws of the United States of America and is headquartered in Atlanta, Georgia.

13. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## **JURISDICTION**

15. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Los Angeles County, California as a result of the Defendant doing business in California.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

16. On or around June 21st, 2016, upon checking Plaintiff's personal credit report via the website creditkarma.com, Plaintiff noticed a debt of approximately $7,903.00 that wasn't his being inaccurately reported by Wells to Experian and Equifax.

17. On or around June 21st, 2016, Plaintiff filed a dispute with Experian credit reporting agency regarding a debt of approximately $7,903.00 that wasn't his being inaccurately reported by Wells on Plaintiff's credit.

18. On or around June 21st, 2016, Plaintiff filed a dispute with Equifax credit reporting agency regarding a debt of approximately $7,903.00 that wasn't his being inaccurately reported by Wells on Plaintiff's credit.

19. Agent's from each bureau stated that they would notify Wells of the dispute that the $7,903.00 debt wasn't the Plaintiff's and conduct their own investigation.

20. On or around June 21st, 2016, the bureau's notified Wells of the dispute that the $7,903.00 debt wasn't the Plaintiff's.

21. Given that the debt is not the Plaintiff's, it is reasonable to say that an investigation by the part of Wells is reasonable.

22. The debt of $7,903.00 that Wells reported to Experian and Equifax on his credit profile accounts lead to derogatory remarks from missed payments, credit utilization rate, and actual balance due.

23. The derogatory remarks lead to a drop in plaintiff's credit score.

24. On or around June 23rd through July 1st, Plaintiff spoke with Wells agents on the telephone and asked them to the validate the debt that Wells claimed was his. Wells agents could not validate the debt. Wells agents claimed they would send a copy of the agreement but could not provide the original agreement.

25. On or around July 14th, 2016, Plaintiff sent Wells a first letter of conditional acceptance dated July 14th, 2016, delivered via USPS Certified Mail.

26. On or about July 18th, 2016, per USPS tracking, Wells received the first letter of conditional acceptance.

27. Plaintiff never received a written response from Wells regarding the first letter of conditional acceptance.

28. On or around July 21st, 2016, Plaintiff filed a dispute with Experian credit reporting agency regarding a debt of approximately $7,903.00 that wasn't his being inaccurately reported by Wells on Plaintiff's credit.

29. On or around July 21st, 2016, Plaintiff filed a dispute with Equifax credit reporting agency regarding a debt of approximately $7,903.00 that wasn't his being inaccurately reported by Wells on Plaintiff's credit.

30. On or around July 21st, 2016, the bureau's notified Wells of the dispute that the $7,903.00 debt wasn't the Plaintiff's.

31. Given that the debt is not the Plaintiff's, it is reasonable to say that an investigation by the part of Wells is reasonable.

32. On or around August 1st, 2016, at approximately 10:47 a.m., Plaintiff spoke with a representative named Michelle in the recovery department who was not able to validate the debt.

33. On or around August 25th, 2016, Plaintiff sent Wells a second letter of conditional acceptance dated August 25th, 2016, delivered via USPS Certified Mail.

34. On or about August 29th, 2016, per USPS tracking, Wells received the first letter of conditional acceptance.

35. Plaintiff never received a written response from Wells to the second letter of conditional acceptance.

36. On or around August 30th, 2016, Plaintiff filed a dispute with Experian credit reporting agency regarding a debt of approximately $7,903.00 that wasn't his being inaccurately reported by Wells on Plaintiff's credit.

37. On or around August 30th, 2016, Plaintiff filed a dispute with Equifax credit reporting agency regarding a debt of approximately $7,903.00 that wasn't his being inaccurately reported by Wells on Plaintiff's credit.

38. On or around August 30th, 2016, the bureau's notified Wells of the dispute that the $7,903.00 debt wasn't the Plaintiff's.

39. Given that the debt is not the Plaintiff's, it is reasonable to say that an investigation by the part of Wells is reasonable.

40. Plaintiff has received a massive amount of calls from Wells and has taken several in which no agent or department has been able to validate the debt. Wells agents claimed that they have investigated the dispute and it is presumed that the Plaintiff owes the debt.

41. Wells has not shown Plaintiff any proof or results of their investigation and what their investigation consisted of.

42. Plaintiff has not received any report from CRA's of what Wells investigation consisted of.

43. Plaintiff is informed and upon such information and belief alleges that Wells did the bare minimum in their investigation, if there was an investigation at all, violating its statutory duties.

44. If Wells did conduct a proper and thorough investigation, they would have discovered that the debt does not belong to Plaintiff.

45. Wells would not or could not provide proof of claim.

46. Plaintiff is informed and upon such information and belief alleges that Wells does not hold the original instrument of indebtedness.

47. Plaintiff is informed and upon such information and belief alleges that Wells does not have a bi-lateral contract with Plaintiff evidenced by wet ink signatures.

48. Plaintiff is informed and upon such information and belief alleges that Wells does not have a copy of the actual accounting.

49. Plaintiff is informed and upon such information and belief alleges that Wells does not have an officer who's willing to swear under penalty of perjury that Plaintiff owes Wells a debt.

**Count I**

**Negligence – Wells**

50. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 49 as if fully set forth herein.

51. Plaintiff alleges that pursuant to the FCRA and FDCPA that Wells has a duty to Plaintiff as a consumer in reporting correct information to credit agencies.

52. Based on Plaintiffs disputes and attempts to facilitate the administrative process Wells did not consider any of Plaintiffs requests to show proof of claim and did not do a thorough investigation that Plaintiff might not owe the debt of $7903.00 they claim he owes.

53. Wells false reporting to Experian and Equifax regarding the alleged delinquent debt was negligent under applicable law. In falsely reporting the alleged debt as delinquent, Wells breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights after Plaintiff had disputed the alleged debt with the numerous agents of Wells and CRA's reporting to Wells for months and months with at least 3 disputes with the CRA's, multiple phone calls with Wells agents and letters.

54. Wells false reporting of the alleged delinquent debt of Plaintiff without proof of claim to CRA's has caused damage to Plaintiff, including, but not

limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, raised interest rates, loss of business opportunity, inability to get a home loan or car loan, inability to have credit cards, inability to raise his limits on other credit cards he possesses and other compensatory and consequential damages. Wells false reporting to Experian and Equifax regarding the alleged delinquent debt of the Plaintiff was willful and wanton, entitling Plaintiff to punitive damages therefor.

55. Wells had a duty to Plaintiff which they breached and proximately caused Plaintiff damages.

**Negligence – Experian**

56. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 55 as if fully set forth herein.

57. Experian's failure to remove Wells false report of Plaintiff's alleged delinquency from Plaintiff's credit report, despite Plaintiff's phone calls to Experian of the falsity of the report, was negligent. In failing to remove Wells false reports of Plaintiff's alleged delinquency, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's rights.

58. As a proximate result, Experian's negligent failure to remove Wells false reports of Plaintiff's alleged debt of the Plaintiff's Experian credit report has caused Plaintiff to suffer substantial money damages and damage of character and reputation, including, but not limited to, Plaintiff being denied car loans, home loans, furniture loans, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

59. Experian's failure to remove Wells false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to Experian of

the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefore.

**Negligence – Equifax**

60. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 59 as if fully set forth herein.

61. Equifax's failure to remove Wells false report of Plaintiff's alleged delinquency from Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was negligent. In failing to remove Wells false reports of Plaintiff's alleged delinquency, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's rights.

62. As a proximate result, Equifax's negligent failure to remove Wells false reports of Plaintiff's alleged debt of the Plaintiff's Equifax credit report has caused Plaintiff to suffer substantial money damages and damage of character and reputation, including, but not limited to, Plaintiff being denied car loans, home loans, furniture loans, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

63. Equifax's failure to remove Wells false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefore.

**Count II**

**Defamation – Wells**

64. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 63 as if fully set forth herein.

65. Plaintiff notified Wells by a Conditional Acceptance letter and also by telephone requesting specified documentation to show proof of claim that the $7,903.00 debt they were reporting to Experian and Equifax and on his credit profile accounts was his debt.

66. Wells could not and has yet to show proof of claim that the Plaintiff owes them a debt of $7,903.00 despite the Plaintiff disputing the alleged debt with the numerous agents of Wells and CRA's reporting to Wells for more months and months with at least 3 disputes with the CRA's and multiple phone calls with Wells agents and letters.

67. Wells with knowledge that they have not shown proof to the Plaintiff of the $7,903.00 debt they claim he owes or admissible evidence proving the debt is his and have not provided documentation for proof requested by Plaintiff that the debt is indeed his, has intentionally and maliciously published and continues to publish statements of fact that is false, to others, including, but not limited to Experian and Equifax, that Plaintiff was past due on the alleged Wells account and that the Wells account was in collection status. Wells reports to CRA's were made with conscious disregard for the rights of the Plaintiff.

68. The publication of its statements by Wells to CRA's is not privileged information and has injured Plaintiff's credit score by reporting derogatory remarks such as missed payments which has lowered his score, has raised his interest rates and has a negative impact on Plaintiff acquiring new credit cards while being unable to raise his limits on other credit cards he possesses.

69. Plaintiff has also experienced other credit accounts in his possession terminating or lowering his credit limits because of the negative impact of the derogatory remarks reported by Wells to CRA's.

70. Wells maliciously furnished the false reporting to the CRA's with the intent of damaging Plaintiff's personal credit because Wells believes Plaintiff owes a debt that Plaintiff does not.

71. Wells published statements of fact that is false and that has injured Plaintiff's credit score.

72. By furnishing false information to CRA's that Plaintiff owes the debt amount of $7,903.00, Wells is insinuating that Plaintiff does not honor his debts and has injured his name to other creditors.

73. Wells publication of statements of fact that is false regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amount of $7,903.00 amounts to defamation and defamation per se, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

74. Special damages are including but not limited to his lowered credit score, his raised interest rates, loss of business opportunity, inability to get a home loan, inability to get a car, inability to have credit cards, inability to raise his limits on other credit cards he possesses.

**Defamation – Experian**

75. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 74 as if fully set forth herein.

76. Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Wells and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff was past due on the alleged Wells account and that Wells was in collection status. In publishing such statements, Experian acted with conscious disregard for the rights of the Plaintiff.

77. Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and

defamation per se of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefore.

**Defamation – Equifax**

78. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 77 as if fully set forth herein.

79. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Wells and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff was past due on the alleged Wells account and that Wells was in collection/delinquent status. In publishing such statements, Equifax acted with conscious disregard for the rights of the Plaintiff.

80. Equifax's publication of false statements regarding Plaintiff's credit-worthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation per se of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefore.

**Count III**

**Negligent Violation of the Fair Credit Reporting Act – Wells**

81. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 80 as if fully set forth herein.

82. Wells false reporting to Experian and Equifax of Plaintiff's alleged delinquency is a violation of Wells duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

83. Wells violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Wells is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act – Experian**

84. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 83 as if fully set forth herein.

85. Experian's repeated failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

86. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's reasonable fees associated with filing suit.

**Negligent Violation of the Fair Credit Reporting Act – Equifax**

87. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 86 as if fully set forth herein.

88. Equifax's repeated failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

89. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a

reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's reasonable fees associated with filing suit.

**Count IV**

**Willful Violation of the Fair Credit Reporting Act – Wells**

90. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 89 as if fully set forth herein.

91. Wells false reporting to Experian and Equifax of Plaintiff's alleged delinquency, despite Wells knowledge of the falsity of its reporting, is a willful violation of Wells duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

92. Given Wells knowledge of the falsity of its reporting, Wells violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Wells is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

93. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 92 as if fully set forth herein.

94. Experian's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

95. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

96. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's reasonable fees associated with filing suit.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

97. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 96 as if fully set forth herein.

98. Equifax's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

**Count V**

**Willful Violation of the FDCPA § 809**

99. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 98 as if fully set forth herein.

100. As described above, Wells contacted the Plaintiff claiming the Plaintiff owed them a debt. Plaintiff notified Wells in writing within 30 days from when he noticed the debt of $7,903.00 on his credit report. Plaintiff wrote Wells a letter of "conditional acceptance" asking Wells to validate the debt.

101. Wells said they would send Plaintiff the proof of claim that Plaintiff asked for. Plaintiff demanded the original instrument of indebtedness, bi-lateral

contract with Plaintiff evidenced by wet ink signatures, copy of the actual accounting, and an officer who's willing to swear under penalty of perjury that Plaintiff owes Wells a debt of $7,903.00.

102. Wells never sent Plaintiff any proof of claim.

103. Wells continued to collect on a debt after Plaintiff disputed the alleged debt with Wells.

104. Plaintiff disputed the debt with Equifax and Experian on June 21st, July 21st, and August 30th, 2016 and the CRAs then reported the dispute on each date to Wells.

105. Plaintiff sent Wells two "Notice of Conditional Acceptance" letters; one on July 14th and one on August 25th, 2016 asking Wells to validate the debt.

106. Wells kept reporting a debt to Equifax and Experian although they never sent proof of claim, proving Plaintiff owed them a debt.

107. This practice by Wells was material because Plaintiff disputed the debt and Wells did not validate it but kept reporting it.

108. Wells acts and practices constituted violations of Fair Debt Collection Practices Act ("FDCPA"), §809 [15 U.S.C. §1692g].

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, David Martin Jr, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential, special and punitive damages, emotional distress;

3. For Plaintiff's fees and costs; and,

4. Any and all other relief to which Plaintiff may be entitled to.

DATED: May 4th, 2017

by:______________________
David Martin Jr.
Plaintiff In *Propria Persona*
1021 S Albany street. #18
Los Angeles, California 90015

**VERIFICATION**

I, David Martin Jr., declare and state as follows:

I am the Plaintiff in the above-entitled matter. I have read the foregoing Complaint and know the content thereof, and the same is true of my own knowledge, except as to matters which are stated upon my own information and belief, which I believe to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 4, 2017 at Los Angeles, California.

by:______________________
David Martin Jr.
Plaintiff

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself [X] )
David Martin Jr.

**DEFENDANTS** ( Check box if you are representing yourself [ ] )
WELLS FARGO BANK N.A., EQUIFAX , EXPERIAN

(b) County of Residence of First Listed Plaintiff Los Angeles County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant ORANGE COUNTY
*(IN U.S. PLAINTIFF CASES ONLY)*

(c) Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.
David Martin Jr, Plaintiff in Pro Per
1021 S Albany Street #18 Los Angeles, CA 90015
310-593-1834

Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.
WELLS FARGO BANK N.A., Attorney for Defendant: Everson and Werson
Courtney C. Wenrick 19100 Von Karmen Ave. #700 Irvine CA 92612, 949-225-7214
EQUIFAX: UNKNOWN, EXPERIAN: UNKNOWN.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- [ ] 1. U.S. Government Plaintiff
- [ ] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [X] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

- [X] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Reinstated or Reopened
- [ ] 5. Transferred from Another District (Specify)
- [ ] 6. Multidistrict Litigation - Transfer
- [ ] 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No [X] **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § section 1681 et seq. PERMANENT INJUNCTION, CIVIL PENALTIES, RESTITUTION AND OTHER EQUITABLE RELIEF FOR VIOLATIONS OF THE FCRA AND FDCPA.

**VII. NATURE OF SUIT** (Place an X in one box only).

- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/Etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced & Corrupt Org.
- [X] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Info. Act
- [ ] 896 Arbitration
- [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.)
- [ ] 153 Recovery of Overpayment of Vet. Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment

- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Fed. Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury-Med Malpratice
- [ ] 365 Personal Injury-Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 American with Disabilities-Employment
- [ ] 446 American with Disabilities-Other
- [ ] 448 Education

**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus/Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee Conditions of Confinement
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Ret. Inc. Security Act

- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405 (g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405 (g))
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV 17-03425

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** *Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.*

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | | |
|---|---|---|
| ☐ Yes ☒ No | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | | |
|---|---|---|
| ☐ Yes ☒ No | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | | ☐ | ☒ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| Yes ☒ No | ☐ Yes ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question E, below, and continue from there. If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question E, below. If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | Western |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** *Has this action been previously filed **in this court?*** [X] NO [ ] YES

If yes, list case number(s): ______

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?** [X] NO [ ] YES

If yes, list case number(s): ______

**Civil cases** are related when they (check all that apply):

- [ ] A. Arise from the same or a closely related transaction, happening, or event;
- [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
- [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

- [ ] A. Arise from the same or a closely related transaction, happening, or event;
- [ ] *B. Call for determination of the same or substantially related or similar questions of law and fact; or*
- [ ] C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** [signature] DATE: 5-5-17

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |